UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**RAYSHELL S. JOHNSON,**

                        **Plaintiff,**

    vs.                                               5:20-CV-1052
                                                          (MAD/TWD)

**SYRACUSE POLICE DEPARTMENT;
ONONDAGA COUNTY SHERIFF'S OFFICE;**[1]
**and CENTRAL NEW YORK REGIONAL
TRANSPORTATION AUTHORITY,**[2]

                        **Defendants.**
_____

APPEARANCES:                                             OF COUNSEL:

RAYSHELL S. JOHNSON
605 Carbon Street
Syracuse, New York 13208
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On September 8, 2020, Plaintiff commenced this action against Defendants Syracuse Police Department, Onondaga County Sheriff's Office, and Central New York Regional Transportation Authority. *See* Dkt. No. 1. Plaintiff's complaint alleges a cause of action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. *See* Dkt. No. 1 at 1.

---

[1] Although Plaintiff names the "Syracuse Sheriff's Department," the address that Plaintiff provided for this Defendant is that of the Onondaga County Sheriff's Office. Any reference in the complaint to "Syracuse Sheriff's Department" shall be deemed to refer to the "Onondaga County Sheriff's Office."

[2] Although Plaintiff names the "Syracuse Central Bus Station" as a Defendant, the address she provides for this entity is that of the "Central New York Regional Transportation Authority."

Specifically, Plaintiff alleges violations of the ADA that stem from two separate incidents involving Defendants. *See id.* at 3. First, Plaintiff states that in September 2016, she was in a car and saw a "police taz [sic] a man." *Id.* Further, it appears that during that same incident, Plaintiff alleges that she was "stripped searched outside by Syracuse City Police." *Id.* The second incident discussed in the complaint occurred in September 2017. *See id.* During that incident, Plaintiff alleges that a member of the Sheriff's Department attacked her. *See id.* Her allegation is that the member of the Sheriff's Department "put his hands on [her] while [she] was leaving and [she] ended up on the ground before [she] knew it." *Id.* Plaintiff provided a letter issued from the Office of the Corporation Counsel dated October 30, 2018, as a means of substantiating her allegations against the City of Syracuse. *See id.* at 5.

In an Order and Report-Recommendation dated November 25, 2020, Magistrate Judge Dancks granted Plaintiff leave to proceed *in forma pauperis* ("IFP") and performed an initial review of the complaint. *See* Dkt. No. 5. In the Order and Report-Recommendation, Magistrate Judge Dancks recommended that the Court dismiss Plaintiff's complaint without prejudice with leave to amend and directed the Clerk of the Court to amend the docket to reflect the Defendants whose addresses were included in the complaint. *See* Dkt. No. 5 at 11. As to Plaintiff's ADA claim, Magistrate Judge Dancks first found that Plaintiff did not specify which Title of the ADA was triggered in her cause of action, but read liberally, found that it was likely that the action was being brought under Title II. *See id.* at 5. Further, Magistrate Judge Dancks found that Plaintiff failed to state a claim upon which relief may be granted because she failed to allege any facts plausibly suggesting that Defendants had discriminated against her because of a disability or a perceived disability. *See id.* at 5. To the extent Plaintiff is attempting to bring a claim pursuant to 42 U.S.C. § 1983, Magistrate Judge Dancks also recommended that the Court dismiss Plaintiff's

claim. *See id.* at 6.  Defendants Syracuse Police Department and Onondaga County Sheriff's Office cannot be sued under 42 U.S.C. § 1983 as they are "merely administrative arms of a municipality [who] do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002).  Liberally construing Plaintiff's complaint as bringing claims against the City of Syracuse and Onondaga County, Magistrate Judge Dancks found that Plaintiff failed to identify any facts suggesting a municipal policy or custom that caused any alleged violation of Plaintiff's constitutional rights.  *See* Dkt. No. 5 at 8.  Plaintiff failed to object to Magistrate Judge Dancks' Order and Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted).  The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights

3

merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

      Having reviewed the November 25, 2020 Order and Report-Recommendation, Plaintiff's complaint and the applicable law, the Court finds that Magistrate Judge Dancks correctly determined that the complaint should be dismissed.  While Plaintiff brought this complaint pursuant to the ADA, she failed to allege any facts to plausibly suggest that any of the named Defendants discriminated against her by reason of any alleged disability.  *See Allah v. Goord*, 405 F. Supp. 2d 265, 274 (S.D.N.Y. 2005).  Additionally, to the extent that Plaintiff has attempted to bring a claim pursuant to 42 U.S.C. § 1983 against the City of Syracuse or Onondaga County, the complaint fails to set forth any facts plausibly showing the existence of a municipal policy or custom that caused the deprivation of a constitutional right.  *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citation omitted).  Further, the complaint fails to contain any facts pertaining to Centro, requiring its dismissal from this action.  In sum, the conclusory allegations in the complaint fall far short of asserting any claims against any of the named Defendants that are plausible on their face.  Finally, the Court agrees with Magistrate Judge Dancks that, in light of her *pro se* status, Plaintiff should be permitted an opportunity to amend her complaint.

      Accordingly, the Court hereby

      **ORDERS** that Magistrate Judge Dancks' Order and Report-Recommendation (Dkt. No. 5) is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

      **ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice;** and the Court further

      **ORDERS** that Plaintiff shall file her amended complaint within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within thirty (30) days of the date of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order from this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 10, 2021
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge